**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 24 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

JONATHAN SMITH,

                              Plaintiff,

            -against-

CITY OF NEW YORK, JOHN MURPHY, Individually, and
JOHN AND JANE DOE 1 through10, Individually (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                              Defendants.

-------------------------------------------------------------------X

CV 14 **COMPLAINT** 4458

Docket No.

Jury Trial Demanded

GLEESON, J.

AZRACK, M.J.

Plaintiff JONATHAN SMITH, by his attorneys, Leventhal & Klein, LLP, complaining of
the defendants, respectfully alleges as follows:

**Preliminary Statement**

1.      Plaintiff brings this action for compensatory damages, punitive damages and
attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said
rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts
supplemental state law claims.

**JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth
and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

**VENUE**

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §
1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff JONATHAN SMITH is a twenty-five year old African American man residing in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, JOHN MURPHY, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.     On April 25, 2013, at approximately 9:30 p.m., plaintiff JONATHAN SMITH was lawfully present in the vicinity of 179 Brabant Street when defendant officers, including but not limited to JOHN MURPHY, stopped and detained him without cause or justification.

13.     Although plaintiff had committed no crimes or offenses, the defendant officers placed plaintiff up against a wall, searched and handcuffed plaintiff, and thereafter transported plaintiff the 120th police precinct despite lacking probable cause to do so.

14.     Based on paperwork containing false allegations, which was prepared by defendant MURPHY, the defendant officers imprisoned plaintiff overnight, until April 26 2013.

15.     On April 26, 2013, the defendant officers released plaintiff after the Richmond County District Attorney's Office determined that plaintiff's conduct, as described by defendant MURPHY, did not rise to the level of criminal activity.

16.     Defendants MURPHY and JOHN and JANE DOE 1 through 10 participated in or failed to intervene in the illegal conduct described herein.

17.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the basis for arrests and that many officers engage in a practice of falsification.

18.     Defendant CITY OF NEW YORK is further aware that such improper training

3

has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

19.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

20.     As a result of the foregoing, plaintiff JONATHAN SMITH sustained, *inter alia*, physical pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## **Federal Claims**

### **AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. § 1983)

21.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "20" with the same force and effect as if fully set forth herein.

22.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

23.     All of the aforementioned acts deprived plaintiff JONATHAN SMITH of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

24.     The acts complained of were carried out by the aforementioned individual

4

defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

25.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

26.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

27.     As a result of the foregoing, plaintiff JONATHAN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

28.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29.     Defendants arrested plaintiff JONATHAN SMITH without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

30.     Defendants caused plaintiff JONATHAN SMITH to be falsely arrested and unlawfully imprisoned.

31.     As a result of the foregoing, plaintiff JONATHAN SMITH is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

32.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     Defendants had an affirmative duty to intervene on behalf of plaintiff JONATHAN SMITH, whose constitutional rights were being violated in their presence by other officers.

34.     The defendants failed to intervene to prevent the unlawful conduct described herein.

35.     As a result of the foregoing, plaintiff JONATHAN SMITH' liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

36.     As a result of the foregoing, plaintiff JONATHAN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

37.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

6

38.     The individual defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

39.     As a result of the foregoing, plaintiff JONATHAN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees, and a custom or practice of engaging in falsification, that was the moving force behind the violation of plaintiff JONATHAN SMITH'S rights as described herein.

43.     As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

7

44.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JONATHAN SMITH.

45.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JONATHAN SMITH as alleged herein.

46.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JONATHAN SMITH as alleged herein.

47.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JONATHAN SMITH was unlawfully arrested and imprisoned.

48.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JONATHAN SMITH'S constitutional rights.

49.     All of the foregoing acts by defendants deprived plaintiff JONATHAN SMITH of federally protected rights, including, but not limited to, the right:

       A.     Not to be deprived of liberty without due process of law;

       B.     To be free from false arrest/unlawful imprisonment; and

       C.     To be free from the failure to intervene.

50.     As a result of the foregoing, plaintiff JONATHAN SMITH is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

53.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

54.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

55.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

56.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     Defendants arrested plaintiff JONATHAN SMITH without probable cause.

9

59.    Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

60.    As a result of the aforementioned conduct, plaintiff JONATHAN SMITH was unlawfully imprisoned in violation of the laws of the State of New York.

61.    As a result of the aforementioned conduct, plaintiff JONATHAN SMITH suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

62.    As a result of the foregoing, plaintiff JONATHAN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

63.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.    Defendants made offensive contact with plaintiff without privilege or consent.

65.    As a result of defendant's conduct, plaintiff JONATHAN SMITH has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

66.    As a result of the foregoing, plaintiff JONATHAN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

10

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

67.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff JONATHAN SMITH.

69.     Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

70.     As a result of the foregoing, plaintiff JONATHAN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff JONATHAN SMITH.

73.     As a result of the foregoing, plaintiff JONATHAN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

11

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

74.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

76.     As a result of the foregoing, plaintiff JONATHAN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

77.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

79.     As a result of the foregoing, plaintiff JONATHAN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE,** plaintiff JONATHAN SMITH demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
July 24, 2014

          LEVENTHAL & KLEIN, LLP
          Attorneys for Plaintiff JONATHAN SMITH
          45 Main Street, Suite 230
          Brooklyn, New York 11201
          (718) 722-4100

By:          _____
          JASON LEVENTHAL (JL1067)
          BRETT H. KLEIN (BK4744)